# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| GLENN D. WARE, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>GARY COMMUNITY SCHOOL )<br>CORPORATION, MICHAEL BROWN, )<br>KAREN FREEMAN-WILSON, CITY OF GARY, )<br>and GARY POLICE DEPARTMENT, )<br>    Defendants. ) | CAUSE NO.: 2:15-CV-42-PRC |

## OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss Plaintiff's [Second] Amended Complaint [DE 63], filed by Defendants Gary Community School Corporation (GCSC) (improperly sued as Gary School City) and Michael Brown on October 7, 2015. For the reasons set forth in this Order, the Court grants in part and denies in part the motion.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed a Complaint pro se on February 3, 2015, against Defendants GCSC, the City of Gary, Mayor Karen Freeman-Wilson, the Lake County Prosecutor's Office, and Michael Brown. On April 16, 2015, the Lake County Prosecutor's Office filed a Motion to Dismiss for Failure to State a Claim as did Defendants GCSC and Brown. On April 20, 2015, Defendants City of Gary and Karen Freeman-Wilson each filed an Answer to the pro se Complaint.

On May 14, 2015, the Court ordered Plaintiff to file a properly formatted Amended Complaint by May 29, 2015. Counsel entered an appearance on behalf of Plaintiff, and on May 29, 2015, Plaintiff filed an Amended Complaint. On June 16, 2015, the Court denied as moot the Motions to Dismiss filed against the original Complaint.

On June 12, 2015, the Lake County Prosecutor's Office filed a Motion to Dismiss the Amended Complaint for failure to state a claim. On June 19, 2015, Plaintiff voluntarily dismissed Defendant Lake County Prosecutor's Office.

On June 17, 2015, Defendants City of Gary and Karen Freeman-Wilson filed an Answer to the Amended Complaint. On July 17, 2015, Defendants GCSC and Brown filed a Motion to Dismiss for failure to state a claim.

On August 27, 2015, Plaintiff filed a Motion for Leave to File Second Amended Complaint to add the Gary Police Department as a Defendant. The Court granted the motion, and Plaintiff filed the Second Amended Complaint on September 22, 2015. The caption of the Second Amended Complaint, like the Amended Complaint, lists as Defendants "Gary School City, et al." Paragraphs 22-42 identify as Defendants Michael Brown in his individual capacity and his capacity as a Gary Police Department and "School City of Gary" officer, Mayor Karen Freeman-Wilson in her official capacity as mayor of the City of Gary, and GCSC (again improperly sued as the Gary School City). The City of Gary and the Gary Police Department are not separately identified as Defendants in the Second Amended Complaint, although paragraphs of the Second Amended Complaint contain allegations against the Gary Police Department and the City of Gary.

Plaintiff alleges the following facts in the Second Amended Complaint. Defendant Michael Brown is an officer for GCSC and/or the Gary Police Department. On February 3, 2015, Plaintiff and Brown got into a verbal altercation at a gas station in Gary, Indiana. After the verbal altercation, Brown ran up behind Plaintiff and slammed Plaintiff's head onto the hood of Plaintiff's vehicle, told Plaintiff not to speak to him in that manner, and walked Plaintiff to the side of Plaintiff's vehicle. Plaintiff's pants began to fall down, and Plaintiff bent over to pull them up. Brown then drew his gun, put it to the back of Plaintiff's head, told Plaintiff not to run, and searched Plaintiff's vehicle

2

without Plaintiff's consent. Brown then told Plaintiff to get in his vehicle and leave. Plaintiff sustained physical and emotional damages as a result of these events. Plaintiff was not charged with any crime and reported the incident to the Gary Police Department.

In the First Claim for Relief, brought under 42 U.S.C. § 1983, Plaintiff alleges that his Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure and from the use of excessive force by law enforcement were violated by Brown. In the Second Claim for Relief, also brought under § 1983, Plaintiff alleges a violation of his First Amendment right to be free from retaliation for the exercise of protected speech. In the Third Claim for Relief, brought under § 1983 and 42 U.S.C. § 1981, Plaintiff alleges that Defendant Freeman-Wilson, as a policymaker for the City of Gary and the Gary Police Department, established policies, procedures, customs, and/or practices that were deliberately indifferent to the constitutional rights of citizens and failed to adequately train and/or supervise officers. In the Fourth and Fifth Claims for Relief, Plaintiff alleges intentional infliction of emotional distress and negligent infliction of emotional distress, respectively.

On October 7, 2015, Defendants GCSC and Michael Brown filed the instant Motion to Dismiss Plaintiff's Second Amended Complaint, to which Plaintiff filed a response on October 21, 2015. Defendants did not file a reply, and the time to do so has passed.

On October 9, 2015, Defendants Karen Freeman-Wilson, the City of Gary, and the Gary Police Department filed a combined Amended Answer to the Second Amended Complaint.

On October 22, 2015, the Court denied as moot the Motion to Dismiss filed against the First Amended Complaint.

The parties agreed, either orally on the record or in writing, to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final

3

judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## ANALYSIS

In the Motion to Dismiss, Defendants Gary Community School Corporation ("GCSC") and Michael Brown move to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (4), (5), and (6) and Federal Rule of Civil Procedure 4(m).

As an initial matter, the Court considers the applicable standard of dismissal. Despite citation to several sections of Rule 12(b), in the "Standard of Dismissal" section of Defendants' brief, Defendants set forth the dismissal standards only for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

As for Rule 12(b)(1), Defendants offer no argument in support of dismissal for lack of subject matter jurisdiction. The Court presumes that Defendants cite Rule 12(b)(1) in relation to their argument that dismissal of the Fourth and Fifth Claims for Relief is required based on the failure to serve an ITCA notice. Although Indiana state courts describe the ITCA notice as jurisdictional in nature with respect to Indiana courts, Indiana law does not define the subject matter jurisdiction of federal courts; rather, whether the state law jurisdictional requirements have been met is a predicate for stating a claim under the state's substantive law. *See Doe v. Lance*, No. 3:95-CV-736-RLM, 1996 WL 663159, at *5 (N.D. Ind. Oct. 30, 1996) (citing *Teague v. Boone*, 442 N.E.2d 1119, 1120 (Ind. Ct. App. 1982) (citing cases))); *Wade v. South Bend Public Transp. Corp.*, S86-488, 1989 WL 516281, at *2 n. 1 (N.D. Ind. May 16, 1989) (citing *Woods v. Interstate Realty Co.*, 337 U.S. 535 (1949)); *see also Meng v. IU Bd. of Trs.*, No. 1:06-CV-1550, 2007 WL 1877980, at *3-4 (S.D. Ind. June 27, 2007) (dismissing state claims under Rule 12(b)(6) for failure to file a

4

timely tort claims notice). This Court has original jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over related state law claims pursuant 28 U.S.C. § 1367(a). There is no basis for dismissal under Rule 12(b)(1).

Therefore, the Court considers the motion under Rule 12(b)(6), which tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008). To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

**A. Personal Jurisdiction, Insufficient Process, and Insufficient Service of Process**

Despite discussing only the standards for dismissal under Rules 12(b)(1) and 12(b)(6), Defendants nevertheless seek dismissal for lack of personal jurisdiction, insufficient process, and insufficient service of process, which are governed by Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5), respectively. Yet, Defendants offer no standard for dismissal under these sections, citing instead only Federal Rule of Civil Procedure 10(a): "Every pleading must have a caption with the court's name, a title, a file number, and rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." Fed. R. Civ. P. 10(a).

First, Defendants argue that the Second Amended Complaint should be dismissed as to GCSC and Brown because they are not named in the caption as required by Rule 10(a). The caption of the Second Amended Complaint names Defendants as "Gary School City, et al." In response, Plaintiff argues that Rule 10(a) applies only to the original complaint and that the abbreviated caption is allowed for subsequent pleadings, including amended complaints. Plaintiff notes that the caption of the original Complaint named all of the original five defendants, including "Gary School City" and "M. Brown."

Rule 10(a) applies not only to an original complaint but also to an amended complaint because an amended complaint supersedes the original complaint, rendering the original complaint of no legal effect. *Ghattas v. First Nat. Bank of Layton*, 2014 WL 222819, at * 1 (E.D. Mo. Jan. 21, 2014) (citing *In Home Health, Inc. v. Prudential Ins. Co.*, 101 F.3d 600, 603 (1996)); *see, e.g.*, *Perez v. San Bernardino Cnty.*, Case No. EDCV 14-329, 2015 WL 5446000, at *3 (C.D. Cal. Sept. 16, 2015); *Darazs v. Dzurenda*, No. 3:14cv1330, 2015 WL 3886732, at *2 (D. Conn. June 24, 2015); *Robinson v. Wall*, C.A. No. 09-277, 2015 WL 728508, at *4 (D.R.I. Feb. 19, 2015); *Mahn v.*

*Jefferson Cnty.*, 4:14-cv-1806, 2015 WL 457936, at *2 (E.D. Mo. Feb. 3, 2015); *Whitefield v. Lawrence Correctional Center*, civil no. 06-968, 2008 WL 563441, at * 3 (S.D. Ill. Feb. 27, 2008); *Blankenship v. Kittle*, No. 03 C 3573, 2003 WL 22048712, at *5 (N.D. Ill. Aug. 6, 2003); *Smith v. City of Chicago*, 1989 WL 15954, at *1 (N.D. Ill. Feb. 21, 1989). The same is true of a second amended complaint.

In addition, dismissal for failure to name a defendant as required by Rule 10(a) is appropriate. *See Kim v. Hoseney*, 545 Fed. App'x 521, 522 (7th Cir. 2013) (affirming the district court's dismissal of the case for plaintiff's failure to name the individual defendants); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005); *Moon v. Samuels*, 2105 WL 5162499, at *2 (S.D. Ill. Sept. 2, 2015). Plaintiff named only GCSC in the caption of the Second Amended Complaint, albeit incorrectly as the Gary School City; Plaintiff did not name any of the other Defendants in the caption.

Accordingly, the Court grants the instant Motion to Dismiss as to Defendant Michael Brown for failure to include his name in the caption of the Second Amended Complaint. The Court dismisses the claim against Defendant Michael Brown without prejudice and grants Plaintiff leave to file a Third Amended Complaint to specifically name Michael Brown as well as all the other Defendants in the caption. *See Cui v. Elmhurst Police Dep't*, No. 14 C 8330, 2015 WL 2375252, at *6 (N.D. Ill. May 14, 2015) (allowing the plaintiff leave pursuant to Rule 15 to amend the complaint to add individuals to comply with Rule 10(a)). Plaintiff is advised that the failure to specifically name a Defendant in the caption of the Third Amended Complaint will result in the immediate dismissal of this action as to the Defendants not named in the caption of the Third Amended Complaint.

Defendants also argue that, because GCSC is improperly named in the caption as "Gary School City," GCSC is not named as required by Rule 10(a). However, GCSC was served with the original complaint, counsel entered an appearance on behalf of GCSC, GCSC has identified itself in all filings as GCSC, GCSC has twice filed a motion to dismiss without raising this issue, and GCSC does not argue that it is not the same entity that Plaintiff mistakenly named as the Gary School City. The Court takes judicial notice that the correct name of this entity is the Gary Community School Corporation, which is supported by a search of the Indiana Department of Education website. *See* http://www.doe.in.gov/accountability/find-school-and-corporation-data-reports (last visited Nov. 4, 2015). The Court directs the Clerk of Court to modify the docket to reflect the proper name and orders Plaintiff to properly name the party as the Gary Community School Corporation in a Third Amended Complaint.

Second, GCSC and Brown "deny personal jurisdiction and subject matter jurisdiction." As noted earlier, the Court has subject matter jurisdiction over this dispute. As for personal jurisdiction, GCSC and Brown have twice filed motions to dismiss without objecting to personal jurisdiction and thus have waived the defense by failing to timely raise it with the Court. *See Blockowicz v. Williams*, 630 F.3d 563, 566 (7th Cir. 2010). Moreover, neither GCSC, which is a school corporation in the State of Indiana, nor Brown, who is alleged to work in Gary, Indiana, and to be a resident of the State of Indiana, has offered any substantive argument that this Court lacks personal jurisdiction over them.

Third, Defendants argue that Plaintiff did not issue a summons to GCSC or Brown with the Second Amended Complaint. No summons is required for an amended pleading for parties who have been served with the initial pleading under Federal Rule of Civil Procedure 4. *See* Fed. R. Civ. P. 5(a)(1)(B). As both GCSC and Brown were served with the summons and the original Complaint,

8

service of the Second Amended Complaint pursuant to Rule 5 was proper. The September 23, 2015 deadline for Plaintiff to provide proposed summons was for the newly added defendant, the Gary Police Department.

### B. Notice Under the Indiana Tort Claims Act

Defendants argue that the Fourth and Fifth Claims for Relief for intentional and negligent infliction of emotional distress should be dismissed because Plaintiff failed to serve GCSC with proper notice under the ITCA. The ITCA requires, as a prerequisite to a tort action, that notice to a political subdivision be filed within 180 days of the occurrence of the loss:

> Except as provided in section 9 of this chapter, a claim against a political subdivision is barred unless notice is filed with:
>
> (1) the governing body of that political subdivision; and
>
> (2) the Indiana political subdivision risk management commission created under IC 27-1-29;
>
> within one hundred eight (180) days after the loss occurs.

Ind. Code § 34-13-3-8. The Gary Community School Corporation falls within the definition of a political subdivision of the State of Indiana for purposes of the ITCA. *See* Ind. Code § 34-6-2-110(9); *see also Meury v. Eagle-Union Cmty. Sch. Corp.*, 714 N.E.2d 233, 241 (Ind. Ct. App.1999) ("Claims against school corporations and their employees are subject to the Indiana Tort Claims Act (ITCA) notice of claims provisions.").

There is no general duty to exhaust state administrative remedies before bringing a § 1983 action. *See Felder v. Casey*, 487 U.S. 131 (1988). Nevertheless, the ITCA applies to pendant state claims in § 1983 suits. *Alexander v. City of South Bend*, 256 F. Supp. 2d 865, 875 (N.D. Ind. 2003) (citing *Meury*, 714 N.E.2d at 242). "A governmental entity's immunity from liability under the ITCA is a question of law for the court." *Id.* at 875 (citing *City of Anderson v. Davis*, 743 N.E.2d

359, 362 (Ind. Ct. App. 2001)). However, failure to serve notice under the ITCA is considered an affirmative defense. *Brown v. Alexander*, 876 N.E.2d 376, 283-84 (Ind. Ct. App. 2007). A complaint need not anticipate affirmative defenses in order to survive a motion to dismiss. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)); *see also Hurt v. Vantlin*, 2015 WL 5837615, 2015 WL 5837615, at *12 (S.D. Ind. Oct. 6, 2015) (denying a motion to dismiss based on the timeliness of the ITCA notice "because that is an affirmative defense that Plaintiffs need not have anticipated in filing their complaint" (citing *Antey v. Donahue*, No. 3:12-CV-85, 2013 WL 466222, at *4 (S.D. Ind. 2013))).

In this case, unlike in *Hurt* and *Antey*, in which the defendant attached a copy of the ITCA notice and then argued that the notice was untimely, Defendants are arguing that Plaintiff did not serve the requisite ITCA notice at all. In his response brief, Plaintiff argues that he could not serve Brown because information was withheld from him regarding Brown and that Plaintiff filed a complaint with the Gary Police Department with whom Brown was affiliated. Plaintiff notes that he also filed a police report regarding the February 3, 2013 incident. Finally, Plaintiff contends that there was confusion about which political subdivision employed Brown.

Because failure to comply with the notice requirement is an affirmative defense and because "non-compliance with the notice requirement has on occasion been excused on theories of substantial compliance, waiver, and estoppel," *Washington v. Schumann*, 2:09-CV-270, 2013 WL 5314610, at *6 (N.D. Ind. Sept. 13, 2013), at this stage of the litigation, the Court denies the motion to dismiss the Fourth and Fifth Claims for Relief for failure to serve an ITCA notice. *See Adams v. Traylor-Wolff*, No. 2:11CV365, 2012 WL 3061837, at *2 (N.D. Ind. July 25, 2012) (denying a motion to dismiss because the "plaintiff's silence on the ITCA in his complaint was not dispositive

on the issue"). However, Defendants may raise the ITCA notice issue on summary judgment, if appropriate.

## CONCLUSION

Based on the foregoing, the Court **GRANTS in part** and **DENIES in part** the Motion to Dismiss Plaintiff's [Second] Amended Complaint [DE 63].

The Court **DISMISSES without prejudice** the claims against Michael Brown and grants Plaintiff leave to file, on or before **November 20, 2015**, a Third Amended Complaint solely for the purpose of naming Michael Brown and all other Defendants in the caption of the Third Amended Complaint as required by Rule 10(a).

The Court **DIRECTS** the Clerk of Court to modify the docket to change the name of Defendant "Gary School City" to "Gary Community School Corporation." The Court **ORDERS** Plaintiff to properly name the party as "Gary Community School Corporation" in the caption and in all other places in the Third Amended Complaint.

Plaintiff is **ADVISED** that the failure to specifically name a Defendant or to properly name the Gary Community School Corporation in the *caption* of a Third Amended Complaint will result in the immediate dismissal of this action as to any Defendant not named in the caption of the Third Amended Complaint or to the Gary Community School Corporation if not properly named in the caption of the Third Amended Complaint.

SO ORDERED this 4th day of November, 2015.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT