# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| GLENN D. WARE, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>KAREN FREEMAN-WILSON, GARY )<br>POLICE DEPARTMENT, GARY )<br>COMMUNITY SCHOOL CORPORATION, )<br>MICHAEL BROWN, and CITY OF GARY, )<br>INDIANA, )<br>    Defendants. ) | CAUSE NO.: 2:15-CV-42-PRC |

## OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss Plaintiff's Third Amended Complaint [DE 78], filed by Defendant Michael Brown[1] on December 14, 2015, and on a motion contained within Plaintiff's Response to Defendant, Michael Brown's Motion to Dismiss Plaintiff's Third Amended Complaint & Plaintiff's Request for Sanctions and Attorneys Fees for Defendant's Frivolous Filing [DE 83], filed by Plaintiff Glenn D. Ware on December 28, 2015. For the reasons set forth in this Order, the Court grants in part and denies in part the Motion to Dismiss and denies the motion contained within the Response.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed a Complaint pro se on February 3, 2015, against Defendants Gary Community School Corporation (GCSC), the City of Gary, Mayor Karen Freeman-Wilson, the Lake County Prosecutor's Office, and Michael Brown. On April 16, 2015, the Lake County Prosecutor's Office filed a Motion to Dismiss for Failure to State a Claim as did Defendants GCSC and Brown. On April

---

[1] Defendant Gary Community School Corporation is also named as a movant in the first paragraph of the Motion, but it is not referred to as a movant elsewhere in the Motion or in the Memorandum of Law. Further, the Motion only seeks dismissal of the claims against Brown. As a result, the Court concludes that mention of Gary Community School Corporation in the Motion is a scrivener's error.

20, 2015, Defendants City of Gary and Karen Freeman-Wilson each filed an Answer to the pro se Complaint.

On May 14, 2015, the Court ordered Plaintiff to file a properly formatted Amended Complaint by May 29, 2015. Counsel entered an appearance on behalf of Plaintiff, and on May 29, 2015, Plaintiff filed an Amended Complaint. On June 16, 2015, the Court denied as moot the Motions to Dismiss filed against the original Complaint.

On June 12, 2015, the Lake County Prosecutor's Office filed a Motion to Dismiss the Amended Complaint for failure to state a claim. On June 19, 2015, Plaintiff voluntarily dismissed Defendant Lake County Prosecutor's Office.

On June 17, 2015, Defendants City of Gary and Karen Freeman-Wilson filed an Answer to the Amended Complaint. On July 17, 2015, Defendants GCSC and Brown filed a Motion to Dismiss the First Amended Complaint for failure to state a claim.

On August 27, 2015, Plaintiff filed a Motion for Leave to File Second Amended Complaint to add the Gary Police Department as a Defendant. The Court granted the motion, and Plaintiff filed the Second Amended Complaint.

On October 22, 2015, the Court denied as moot the Motion to Dismiss filed against the First Amended Complaint.

On October 7, 2015, Defendants GCSC and Michael Brown filed a Motion to Dismiss Plaintiff's Second Amended Complaint for failure to state a claim.

On October 9, 2015, Defendants Karen Freeman-Wilson, the City of Gary, and the Gary Police Department filed a combined Amended Answer to the Second Amended Complaint.

On November 4, 2015, the Court granted in part and denied in part the Motion to Dismiss Plaintiff's Second Amended Complaint. The Court dismissed without prejudice the claims against Michael Brown and granted Plaintiff leave to file a third amended complaint.

On November 17, 2015, Plaintiff filed the Third Amended Complaint. Michael Brown is named as a defendant in the caption of this complaint and summonses were issued as to him.

On December 8, 2015, Defendant GCSC filed an Answer to the Third Amended Complaint. Defendants Karen Freeman-Wilson, the City of Gary, and the Gary Police Department filed their combined Answer on December 11, 2015.

On December 14, 2015, Defendant Brown filed the instant Motion to Dismiss Plaintiff's Third Amended Complaint. On December 28, 2015, Plaintiff filed a Plaintiff's Response to Defendant, Michael Brown's Motion to Dismiss Plaintiff's Third Amended Complaint & Plaintiff's Request for Sanctions and Attorneys Fees for Defendant's Frivolous Filing. No reply has been filed, and the time to do so has expired.

The parties agreed orally on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## ANALYSIS

### A. Subject Matter Jurisdiction and Failure to State a Claim

Brown argues that Ware has failed to state a claim for which relief can be given and that, as a result, this Court lacks subject matter jurisdiction over the claim. That is not how subject matter jurisdiction works. This Court has subject matter jurisdiction over the claim because a federal question is raised in three counts and because the Court is exercising supplemental jurisdiction over

the remaining two counts. *See* 28 U.S.C. §§ 1331, 1367(a). Specifically, Counts 1 and 2 are brought under 42 U.S.C. § 1983; Count 3 is brought under 42 U.S.C. §§ 1981, 1983 and Amendments I, IV, and XIV to the United States Constitution; and Counts 4 and 5 are part of the same case or controversy as the other three counts.

Brown also asserts that the case should be dismissed because the Court previously advised Ware that failure to specifically name a Defendant in the caption of the Third Amended Complaint would result in dismissal as to any unnamed Defendants. Brown purports to bring this argument under Federal Rule of Civil Procedure 12(b)(6), but that Rule is inapplicable to this argument, as Brown does not argue here that Ware has failed to state a claim upon which relief can be granted.

Regarding the substance of Brown's argument, Brown posits that, though his name is in the complaint's caption, he is not listed as being sued in any particular capacity and, thus, not "specifically named." The Court's November 4, 2015, Opinion and Order, which advised Ware to "specifically name" each Defendant or face dismissal of claims, was instructing Ware to not use "et al." in the caption of the complaint. The Court did not place a burden on Ware to explicitly state in the caption the capacity in which each defendant is being sued.

## B. Personal Jurisdiction, Process, and Service

Brown also seeks dismissal of the claims against him due to insufficient service of process, insufficient process, and lack of personal jurisdiction. Brown presents one argument for dismissal on these grounds: "[i]t is insufficient for Plaintiff to deliver a summons to Michael Brown c/o Gary Police Department." (Mot. 7). The burden of showing proper service is on the party attempting to achieve service. *Robinson Eng'g Co. Pension Plan & Trust v. George*, 223 F.3d 445, 453 (7th Cir.2000).

Service of process on an individual is governed by Federal Rule of Civil Procedure 4(e), which allows for service by following state law in the state in which the district court is located. Indiana allows for service of an individual by "sending a copy of the summons and complaint by registered or certified mail . . . to his . . . place of business or employment with return receipt requested and returned showing receipt of the letter." Ind. R. Trial P. 4.1(A)(1). There is no requirement under service at the place of employment for the caption to clarify that the person being served is being sued in his or her individual capacity. *See id.*

The Third Amended Complaint indicates that Ware believes Brown to be employed by the City of Gary Police Department, the Gary Community School Corporation, or both. The executed summons filed on November 25, 2015, shows that Brown was served through mail to the Gary Police Department.

If Brown is an employee of the Gary Police Department, the service of process as to Brown is sufficient. If not, then Brown has not been properly served. However, defects in the service of summons will be overlooked if it is "reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond." Ind. R. Trial P. 4.15(F). At this juncture, the Court does not need to determine whether Brown has been properly served and, if not, engage in the "reasonably calculated" analysis. Brown was previously dismissed without prejudice from this action and was returned to this action via the Third Amended Complaint, filed on November 17, 2015. The period in which to achieve service—120 days under the previous version of Federal Rule of Civil Procedure 4(m)—has not yet elapsed. Dismissal for improper service of process at this time would be premature.

### C. Official Capacity

Brown argues that the claims brought against him are official capacity claims and, as a result, should be dismissed. The Seventh Circuit Court of Appeals instructs: "[i]f a plaintiff intends to sue public officials in their individual capacities or in both their official and individual capacities, he should expressly state so in the complaint." 756 F.2d 564, 568-69 (7th Cir. 1985) (citations omitted). Ware has expressly stated that Brown is sued in his official and individual capacities in paragraph 23 of the Third Amended Complaint, so Ware has brought claims against Brown in both of these capacities.

Brown argues that Ware's official capacity claims against Brown should be dismissed because they are claims brought against Brown in his official capacity and redundant to the claims brought against his employer. Brown is correct. Because Brown's alleged employers, the Gary Police Department and the Gary Community School Corporation, are defendants in this suit, the claims against Brown in his official capacity are redundant and therefore are dismissed. *See Amati v. City of Woodstock, Ill.*, 829 F. Supp. 998, 1011 (N.D. Ill. 1993) (finding redundant the § 1983 official capacity claims against police officer redundant where his municipal employer was also sued under § 1983).

### D. Ware's Request for Sanctions

In his response, Ware asks the Court to sanction Brown and to award Ware his attorney fees and costs incurred in responding to the instant motion. Federal Rule of Civil Procedure 11 governs to this request. Plaintiff's motion for sanctions fails to meet two requirements of Rule 11: (1) the motion was not filed as a separate motion, and (2) there is no representation that Brown was given twenty-one days' notice within which to withdraw the motion to dismiss before Ware filed the motion for sanctions with the Court. *See* Fed. R. Civ. P. 11(c)(2); *see also Corley v. Rosewood Care*

6

*Ctr., Inc.*, 142 F.3d 1041, 1058 (7th Cir. 1998) (noting that a request for sanctions must "be made in a separate motion rather than as an appendage to another motion or responsive memorandum"). Further, Northern District of Indiana Local Rule 7-1(a) also requires motions to be filed separately. Due to Ware's failure to follow federal and local rules, the Court denies the motion.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** the Motion to Dismiss Plaintiff's Third Amended Complaint [DE 78]. The Court **DISMISSES** the claims against Michael Brown in his official capacity. The claims against Michael Brown in his individual capacity remain pending.

The Court **DENIES** the motion contained within Plaintiff's Response to Defendant, Michael Brown's Motion to Dismiss Plaintiff's Third Amended Complaint & Plaintiff's Request for Sanctions and Attorneys Fees for Defendant's Frivolous Filing [DE 83].

SO ORDERED this 9th day of February, 2016.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT
