UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GLENN D. WARE,           ) | |
|         Plaintiff,       ) | |
|                          ) | |
| v.                       ) | CAUSE NO. 2:15-CV-42-PRC |
|                          ) | |
| GARY COMMUNITY SCHOOL    ) | |
| CORPORATION, et al.,     ) | |
|         Defendants.      ) | |

**OPINION AND ORDER**

This matter is before the Court on a Plaintiff's Motion to Compel Discovery Responses [DE 96] filed by Plaintiff Glenn D. Ware on March 17, 2017. Defendant Gary Community School Corporation (GCSC) filed a response on March 31, 2017. Ware filed a reply later that same day.

In the motion, Ware asks the Court to compel interrogatory responses and production of documents that were served on GCSC on October 11, 2016. The deadline to respond to these discovery requests expired in November 2016. Ware attached correspondence regarding this discovery that his counsel and GCSC's counsel exchanged in December 2016. Ware also asks the Court to reopen discovery, suspend briefing and ruling on GCSC's pending Motion for Summary Judgment until after the discovery responses are received, and award Ware his reasonable expenses incurred in bringing the instant motion.

Discovery in this cause of action closed on January 31, 2017. GCSC and the other defendants filed motions for summary judgment on March 1, 2017. Then, on March 17, 2017, Ware filed the instant Motion to Compel.

Courts may deny untimely motions to compel. The Seventh Circuit Court of Appeals has affirmed denials of motions to compel that were filed after the close of discovery and after summary

judgment motions have been filed. *See Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001); *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 (7th Cir. 2000).

Ware provides no adequate explanation for his delay in bringing the motion. He indicates that his counsel could not locate GCSC's responses when his counsel prepared to respond to GCSC's Motion for Summary Judgment. This provides no clarification as to why he did not pursue this matter more diligently after the exchange of emails in December. Ware also notes that, due to the discovery responses not being received before the discovery deadline, discovery could not be completed by that deadline. This too fails to explain why this motion was not made earlier. The motion is untimely and is denied.

Further, in response, GCSC argues that the Motion to Compel should be denied for failure to comply with the Court's local rules. Pursuant to Northern District of Indiana Local Rule 7-1(b)(2), parties are required to file a supporting brief with any motion filed under Federal Rule of Civil Procedure 37. Further, Northern District of Indiana Local Rule 37-1(a) requires a party filing a discovery motion to file a separate certification that the party conferred in good faith or attempted to confer with the other affected parties in an effort to resolve the discovery dispute without Court involvement.

Ware did not comply with either local rule. In the motion, Ware's attorney certifies that she attempted to resolve this dispute with GCSC's attorney, but no separate certification or supporting brief was filed. "District courts have broad discretion to enforce and require strict compliance with their local rules." *Benuzzi v. Bd. of Educ. of Chic.* 647 F.3d 652, 655 (7th Cir. 2011) (citing *Elustra v. Mineo*, 585 F.3d 699, 710 (7th Cir. 2010)). Further, Local Rule 37-1(b) warns that courts may

2

deny discovery motions that fail to file the required certification (unless the motion was filed by a pro se party). Ware's failure to comply with Local Rules 7-1 and 37-1 provides an independent ground upon which to deny the Motion to Compel.

The Court finds that circumstances make an award of expenses unjust and declines to make an award of reasonable expenses. *See* Fed. R. Civ. P. 37(a)(5)(B).

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the Motion to Compel Discovery Responses [DE 96].

The Court **SETS** the deadline for Plaintiff Glenn D. Ware to file a response to Defendant Gary Community School Corporation's Motion for Summary Judgment [DE 93] for **April 24, 2017**. A reply brief may be filed within 14 days after a response is served. The briefing deadlines for Defendant City of Gary's Motion for Summary Judgment [DE 94] are not affected by this Opinion and Order.

SO ORDERED this 3rd day of April, 2017.

                                            s/ Paul R. Cherry
                                            MAGISTRATE JUDGE PAUL R. CHERRY
                                            UNITED STATES DISTRICT COURT