UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| GLENN D. WARE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:15-CV-42-PRC |
| | ) | |
| GARY COMMUNITY SCHOOL | ) | |
| CORPORATION, MICHAEL BROWN, | ) | |
| and CITY OF GARY, INDIANA, | ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant City of Gary, Indiana's Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 and N.D. L.R. 56-1 [DE 94], filed by Defendant City of Gary, Indiana on March 1, 2017. For the reasons set forth below, Defendant's Motion for Summary Judgment is granted in part and denied in part.

**PROCEDURAL BACKGROUND**

Plaintiff Glenn D. Ware initiated this civil rights action on February 3, 2015. The controlling complaint is the Third Amended Civil Rights Complaint, filed on November 27, 2015. The City of Gary filed an Answer to the Third Amended Civil Rights Complaint on December 11, 2015. In this Answer, the City of Gary does not raise the affirmative defense of failure to provide notice under the Indiana Tort Claims Act.

The case proceeded through discovery. On March 1, 2017, the City of Gary filed the instant Motion for Summary Judgment. On March 31, 2017, and April 3, 2017, the Court changed the briefing schedule for another Motion for Summary Judgment filed in this case, but the Court explicitly stated that those orders did not affect the briefing deadlines for the instant Motion for

Summary Judgment. Ware has not filed a response to the instant motion, and his deadline to do so has passed.

The parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a motion for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Summary judgment is appropriate when no material fact is disputed and the moving parties are entitled to judgment as a matter of law, meaning that no reasonable jury could find for the other party based on the evidence in the record." *Carman v. Tinkes*, 762 F.3d 565, 566 (7th Cir. 2014).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56 (a), (c). The moving party may discharge its initial responsibility by simply "'showing'—that is, pointing out to the district court—that there is an absence of evidence to

2

support the nonmoving party's case." *Celotex*, 477 U.S. at 325; *see also Spierer v. Rossman*, 798 F.3d 502, 508 (7th Cir. 2015). When the nonmoving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Celotex*, 477 U.S. at 323, 325; *Spierer*, 798 F.3d at 507-08; *Modrowski v. Pigatto*, 712 F.3d 1166, 1168-69 (7th Cir. 2013).

"Once the moving party puts forth evidence showing the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The non-moving party cannot resist the motion and withstand summary judgment by merely resting on his pleadings. *See* Fed. R. Civ. P. 56(c)(1), (e); *Flint v. City of Belvidere*, 791 F.3d 764, 769 (7th Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e) (1986)). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e); *see also Anderson*, 477 U.S. at 248-50.

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *McDowell v. Vill. of Lansing*, 763 F.3d 762, 764, 765 (7th Cir. 2014); *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009). A court's role is not to

evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50.

## MATERIAL FACTS

Northern District of Indiana Local Rule 56-1 requires the moving party to file with the Court a "'Statement of Material Facts' that identifies the facts that the moving party contends are not genuinely disputed." N.D. Ind. L.R. 56-1(a). In response, the opposing party is obligated to file with the Court a "'Statement of Genuine Issues' that identifies the material facts that the party contends are genuinely disputed so as to make a trial necessary." N.D. Ind. L.R. 56-1(b)(2). "When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) (citing *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003)) (addressing the equivalent local rule for the United States District Court for the Northern District of Illinois); *see also Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (noting that the Seventh Circuit Court of Appeals has routinely sustained "the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts").

In the present case, the City of Gary, as the moving party, has submitted a Statement of Material Facts. Ware, however, has not submitted a response brief, much less a Statement of Genuine Issues. Therefore, the following facts asserted by the City of Gary and supported by admissible evidence are considered to exist without controversy for the purposes of this Motion for Summary Judgment.

Ware alleges that, on or about February 3, 2013, his constitutional rights were violated by Officer Michael Brown. On February 3, 2013, Brown was not employed by the Gary Police Department as either a police officer or a reserve officer.

## ANALYSIS

Local Rule 7-1(d)(4) provides that "[t]he court may rule on a motion summarily if an opposing party does not file a response before the deadline." N.D. Ind. L.R. 7-1(d)(4). The trial court's interpretation and application of its Local Rules is subject to great deference. *See Cichon v. Exelon Generation Co., LLC*, 401 F.3d 803, 809-10 (7th Cir. 2005); *Cuevas v. United States*, 317 F.3d 751, 752 (7th Cir. 2003); *Tenner v. Zurek*, 168 F.3d 328, 331 (7th Cir. 1999). A trial court has the authority to strictly enforce its Local Rules, even if summary judgment results. *See Koszola v. Bd. of Educ.*, 385 F.3d 1104, 1109 (7th Cir. 2004), *overruled on other grounds by Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 764-65 (7th Cir. 2016); *Waldridge.*, 24 F.3d at 921-22 (upholding the trial court's strict enforcement of local rules on summary judgment).

As described above, Federal Rule of Civil Procedure 56(e) provides that "[i]f a party . . . fails to properly address another party's assertion of fact . . . , the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e). Thus, summary judgment is appropriate when the non-movant does not respond, and the "motion demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994).

The City of Gary moves for summary judgment in this matter. Ware brings claims for relief under 42 U.S.C. § 1983 and state law claims for intentional infliction of emotional distress and negligent infliction of emotional distress. The Court will address the federal claims first.

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 itself does not establish substantive rights; rather, it is a vehicle for vindicating federal rights conferred elsewhere. *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). In this case, Plaintiff seeks redress for alleged excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution, retaliation in violation of the First Amendment to the United States Constitution, and deliberately indifferent policies, practices, custom, training, and supervision in violation of the First, Fourth, and Fourteenth Amendments to the United States Constitution.

The standard for municipal liability is set forth in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). For the purpose of the instant motion, the municipal entity at issue is the City of Gary. Municipalities cannot be held liable for § 1983 violations under the theory of respondeat superior; rather, a local government may be held liable only "when [the] execution of a government's policy or custom . . . inflicts the injury" for which the government is sued under § 1983. *Monell*, 436 U.S. at 694.

Thus, to demonstrate liability by the City of Gary for the alleged § 1983 claims, Ware must establish an official policy or custom through:

6

> (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

*Teesdale v. City of Chicago*, 690 F.3d 829, 834 (7th Cir. 2012) (quoting *Estate of Sims v. Cty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007)). There must also be a causal relationship between the policy and the alleged constitutional violation such that the official policy is the "moving force" behind the constitutional deprivation. *Id.* at 833 (citing *Estate of Sims*, 506 F.3d at 515); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985).

The City of Gary argues that Ware has failed to show that the City of Gary implemented a policy, practice, or custom that inflicted deprivation of Ware's constitutional rights. Ware has presented no evidence that such a policy, practice, or custom exists. Consequently, the City of Gary is entitled to summary judgment on the section 1983 claims.

Ware also brings claims of torts under Indiana state law. The City of Gary's sole argument for summary judgment on these claims is that Ware failed to comply with the requirements of the Indiana Tort Claims Act (ITCA). Under the ITCA, a tort claim against a political subdivision is barred unless notice is filed with the governing body of the political subdivision and the subdivision's risk management commission within 180 days after the loss occurs. Ind. Code § 34-13-3-8. "Once a defendant raises failure to comply with the ITCA's notice requirements, the burden shifts to the plaintiff to prove compliance." *Alexander v. City of South Bend*, 256 F. Supp. 2d 865, 875 (N.D. Ind. 2003) (citing *Davidson v. Perron*, 716 N.E.2d 29, 24 (Ind. Ct. App. 1992)). However, failure to comply with the notice requirement is waived if it is not asserted in a responsive pleading. *Schoettmer v. Wright*, 992 N.E.2d 702, 706 (Ind. 2013). The City of Gary did not raise failure to comply with the ITCA as an affirmative response in its Answer to the Third Amended Civil Rights

7

Complaint. Consequently, the City of Gary has failed to show that it is entitled to summary judgment on the state law claims.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Defendant City of Gary, Indiana's Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 and N.D. L.R. 56-1 [DE 94]. The Court grants summary judgment in favor of Defendant City of Gary and against Plaintiff Glenn D. Ware on the federal claims brought under 42 U.S.C. § 1983. The Court denies the City of Gary's request for summary judgment as to the Indiana state law claims.

SO ORDERED this 7th day of April, 2017.

                                          s/ Paul R. Cherry
                                          MAGISTRATE JUDGE PAUL R. CHERRY
                                          UNITED STATES DISTRICT COURT