# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| GLENN D. WARE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:15-CV-42-PRC |
| | ) | |
| GARY COMMUNITY SCHOOL | ) | |
| CORPORATION, and MICHAEL BROWN, | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Summary Judgment [DE 93], filed by Defendants Gary Community School Corporation (GCSC) and Michael Brown on March 1, 2017. For the reasons set forth below, the Motion is granted in part and denied in part.

## PROCEDURAL BACKGROUND

Plaintiff Glenn D. Ware initiated this civil rights action on February 3, 2015. The controlling complaint is the Third Amended Civil Rights Complaint, filed on November 27, 2015. On February 9, 2016, the Court dismissed the claims brought against Brown in his official capacity.

GCSC and Brown filed the instant Motion for Summary Judgment on March 1, 2017. Ware filed a response on May 15, 2017. GCSC and Brown filed a reply on May 30, 2017. The Motion is fully briefed and ripe for ruling.

Ware, Brown, and GCSC orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a motion for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Summary judgment is appropriate when no material fact is disputed and the moving parties are entitled to judgment as a matter of law, meaning that no reasonable jury could find for the other party based on the evidence in the record." *Carman v. Tinkes*, 762 F.3d 565, 566 (7th Cir. 2014).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56 (a), (c). The moving party may discharge its initial responsibility by simply "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325; *see also Spierer v. Rossman*, 798 F.3d 502, 508 (7th Cir. 2015). When the nonmoving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Celotex*, 477 U.S. at 323, 325; *Spierer*, 798 F.3d at 507-08; *Modrowski v. Pigatto*, 712 F.3d 1166, 1168-69 (7th Cir. 2013).

"Once the moving party puts forth evidence showing the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The non-moving party cannot resist the motion and withstand summary judgment by merely resting on his pleadings. *See* Fed. R. Civ. P. 56(c)(1), (e); *Flint v. City of Belvidere*, 791 F.3d 764, 769 (7th Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e) (1986)). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e); *see also Anderson*, 477 U.S. at 248-50.

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *McDowell v. Vill. of Lansing*, 763 F.3d 762, 764, 765 (7th Cir. 2014); *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50.

## MATERIAL FACTS

**Ware's Deposition Testimony**

At his deposition, Ware testified as follows. On February 3, 2013, at around 9:00 p.m., an incident occurred with Brown at a gas station. Ware was in the gas station, and as he was paying for his items, a car pulled up and "kind of blocked the gas station's door." (Pl.'s Ex. A, 43:21-22, ECF No. 105-2). Brown recognized the car as a GCSC police car. Brown entered the gas station in full uniform with a badge that identified him as M. Brown. Brown told Ware that, "[w]ith those big [expletive] pants you got on, if you was to run from me, you couldn't get away." *Id.* at 44:7-9. Ware replied that "[w]ith your [expletive] car blocking the gas station door, and I'm handicapped, I couldn't run from you no way." *Id.* at 44:9-11.

Ware proceeded to his vehicle. When he was approximately four feet from the vehicle, Brown ran out of the gas station and called to Ware. Ware turned to Brown and Brown swung at Ware with his right hand. Ware blocked the swing. Brown told Ware to put Ware's hands on the vehicle. Ware laid on the car with his palms up. Brown ran up behind Ware, grabbed Ware by the back of the neck, lifted him off the ground, and forced his face into the hood of the car. Brown pulled his weapon out. Brown proceeded to smash Ware's face into Ware's vehicle. Brown also searched Ware's vehicle without consent. When Ware indicated that he did not consent to the search, Brown told Ware to be quiet and to stand to the side of the vehicle.

Ware called the Gary Police around 9:30 p.m. that same night to report the incident. Ware was told to return to the gas station, and when he returned to the station, Brown was still there. Officer Allen Glenn met with Ware. Officer Glenn informed Ware that Brown was a GCSC Officer and not a Gary Police Officer. GCSC communicated that Brown was its employee.

4

Ware spoke with an Officer Horton twice within two weeks of the incident. In his statement of facts, Ware asserts that Horton is an officer for GCSC. However, none of the cited evidence states who Horton's employer is.

Ware also submits other assertions in his statement of facts, but the pages of Ware's deposition that were cited in support of these statements were not submitted to the Court or do not support the assertions, so the Court does not consider them.

**Police Report**

A police report provides the following account of the same incident:

> Glenn Ware states on 2.3.13 at 9:00pm he was at the gas station at 15th Ave and Clark Rd about to exit his vehicle when Gary School City Officer Michael Brown pulled up close to his vehicle. G. Ware states he told M. Brown that he was blocking the door and that he was handicap [*sic*].
> G. Ware then states M. Brown ran up behind him and grabbed him by the back of his neck and then slammed him on the hood of his wife [*sic*] car, he then forced his head to the vehicle hood and stated to G. Ware not to talk to him like that. G. Ware states M. Brown then searched his vehicle without his or his wife [*sic*] permission and tossed items all around the vehicle.
> G. Ware then states he asked M. Brown why he his [*sic*] violated civil rights, stated M. Brown told him to get in vehicle and leave.

(Def.'s Ex. 2 at 4, ECF No. 93-4).

**Other Matters**

Ware testified that he sent a tort claim form to GCSC 179 days after the incident. On August 2, 2013, the 180th day after the incident, delivery of Priority Mail items addressed to GCSC Legal Services and GCSC Superintendent of School was attempted. Tracking records show that no authorized recipient was available on that date, and notices were left. The items were delivered three days later on August 5, 2013.

5

Brown was hired as a reserve officer with the Gary Police Department on September 17, 2014. Brown had a second job with Lake County, Indiana.

## ANALYSIS

In his Third Amended Complaint, Ware brings claims under 42 U.S.C. § 1983 for alleged used of excessive force and for retaliation for Ware's exercise of First Amendment rights against Brown and state law claims of intentional infliction of emotional distress and negligent infliction of emotional distress against Brown and GCSC. Ware also brings a claim of municipal liability under 42 U.S.C. §§ 1981, 1983 against GCSC, but Ware concedes in his response that he cannot show GCSC to be liable on this claim.

GCSC and Brown argue for summary judgment in their favor. They also assert that the Court lacks subject matter jurisdiction to hear this case and that Brown should be dismissed because Ware did not sue Brown in Brown's individual capacity. For the reasons stated below, the Court has subject matter jurisdiction, Ware has sued Brown in his individual capacity, and the motion is granted as to the claims brought against GCSC and the state law claims brought against Brown for actions within the scope of his employment and denied as to the remaining claims brought against Brown.

### A. Subject Matter Jurisdiction

Defendants state that this lawsuit should be dismissed for lack of subject matter jurisdiction, but they fail to provide argument in support of this statement. The Court, in an Opinion and Order dated February 9, 2016, explained that the Court has subject matter jurisdiction over this suit pursuant to 28 U.S.C. §§ 1331, 1367(a). For the reasons stated in that Opinion and Order, this Court exercises subject matter jurisdiction over the claims in this litigation.

## B. Brown's Status as a Party

Brown argues that he should be dismissed from this case because Ware did not follow the Court's instruction to "specifically name" Brown in the caption of the Third Amended Complaint. Brown is included in the caption of the Third Amended Complaint as a defendant, but he argues that the Court ordered Ware to list the capacity in which he sued Brown in the caption. The Court also addressed this argument in the February 9, 2016 Opinion and Order:

> The Court's November 4, 2015, Opinion and Order, which advised Ware to "specifically name" each Defendant or face dismissal of claims, was instructing Ware to not use "et al." in the caption of the complaint. The Court did not place a burden on Ware to explicitly state in the caption the capacity in which each defendant is being sued.

(Op. and Order, 4, ECF No. 84). Thus, Brown has been sufficiently named in the Third Amended Complaint.

Brown also argues that, because Ware did not list the capacity in which suit was brought against Brown, the Court should deem the suit to be brought against Brown in his official capacity only. In support, Brown cites *Hill v. Shelander*, 924 F.2d 1370 (7th Cir. 1991). However, the *Hill* court held that "[t]he point is not that an official capacity suit is to be presumed any time that the complaint fails to explicate clearly the capacity in which the defendant is to be sued." *Id.* at 1373. Further, Ware indicated in paragraph 23 of his Third Amended Complaint that he brought suit against Brown in Brown's individual and official capacities.[1] Ware has explicitly stated that Brown is sued in his individual capacity, and Brown's argument that he has not been so sued is without merit.

---

[1] The official capacity claims have been dismissed.

## C. Civil Rights Claims

Ware alleges three claims for violations of his civil rights: excessive force and free speech retaliation claims against Brown, and a municipal liability claim against GCSC. Defendants argue that they are entitled to summary judgment on all three claims. In response, Ware concedes that he cannot prove the municipal liability claim. Thus, the Court grants summary judgment in favor of GCSC on that claim. The Court will next address the civil rights claims against Brown.

The implicated statute provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 itself does not establish substantive rights; rather, it is a vehicle for vindicating federal rights conferred elsewhere. *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). In this case, Ware seeks redress for alleged excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution and alleged retaliation in violation of the First Amendment to the United States Constitution.

To state a claim under § 1983, a plaintiff must show (1) that he "was deprived of a right secured by the Constitution or federal law" (2) "by a person acting under color of law." *Thurman v. Vill. of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006).

In support of his motion for summary judgment on the civil rights claims, Brown argues that he was not acting under color of law because he was not a Gary police officer at the time of the incident. Brown asserts that Ware's claim states that Brown was a Gary policy officer at the time of the incident and that, because Brown was not, Ware cannot prove his claim. However, Ware's

Third Amended Complaint alleges that Brown was a "GCSC officer/Gary police officer." (Third Am. Compl. ¶ 45, ECF No. 71). Thus, Ware pleaded alternatively that Brown was a GCSC officer or a Gary officer. Ware need not prove that Brown was a Gary police officer. To fall under the purview of 42 U.S.C. § 1983, a person need only be acting under color of law. Public school employees can act under color of law. *Doe v. Smith*, 470 F.3d 331, 340-341 (7th Cir. 2006) (holding that the jury could find that a middle school dean of students acted under color of law), *abrogated on other grounds by Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 258 (2009).

Brown does not argue that the facts of the instant litigation show that he was not acting under color of law. Instead, he argues that he categorically cannot be found to have acted under color of law because he was not a Gary police officer at the time of the alleged incident. Because Brown is incorrect that he could only act under color of law if he were a Gary police officer, this argument fails.

Brown makes no other argument for summary judgment on the excessive force claim, so the motion is denied as to that claim. Brown makes another argument for summary judgment in his favor on the free speech retaliation claim, which the Court now addresses.

Brown argues that Ware cannot make out a prima facie case of a violation under the First Amendment. To make out a prima facie case, Ware must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity; and (3) the First Amendment activity was at least a motivating factor in Brown's decision. *Thayer v. Chiczewski*, 705 F.3d 237, 251 (7th Cir. 2012). Once a plaintiff makes out a prima facie case, the burden shifts to the defendant to show that the harm would have occurred without the First Amendment activity. *Id.* at 251-52.

Brown states that Ware cannot make out a prima facie case because Ware cannot show that he was exercising free speech, that Brown was a Gary police officer, or that Ware suffered a deprivation that would deter First Amendment activity. However, Brown provides almost no argument in support of this statement. His sole argument is that Brown cannot be found to have acted under color of law because he was not a Gary police officer, which the Court addressed above.

Contrary to Brown's statement, Ware has put forth evidence that he spoke to Brown, exercising Ware's right to free speech, immediately before the alleged attack. Further, Ware's evidence of the severity of the alleged attack, provided in the form of deposition testimony, shows that Brown's alleged actions would deter exercise of free speech. The third prong of the prima facie case is not in dispute. Therefore, Ware has made out the prima facie case. Brown has not argued or put forth evidence that he would have made the same decision if Ware had not exercised his right to free speech. Therefore, this claim survives the motion for summary judgment.

### D. Indiana State Law Tort Claims

Defendants assert that the Indiana state law tort claims of intentional infliction of emotional distress and negligent infliction of emotional distress fail because Ware did not provide proper notice as required under the Indiana Tort Claims Act (ITCA). The ITCA notice requirement applies to claims brought against political subdivisions and against political subdivisions' employees for actions within the scope of the employees' employment. *Chang v. Purdue Univ.*, 985 N.E.2d 35, 51 (Ind. Ct. App. 2013).

GCSC makes no other argument in favor of summary judgment on the tort claims, so the sole issue to be decided on these claims is whether Ware provided the required notice to GCSC. Claims against political subdivisions are barred unless notice is filed with the governing body of that

political subdivision within 180 days after the loss at issue occurred. *Id.* "Once a defendant raises failure to comply with the ITCA's notice requirements, the burden shifts to the plaintiff to prove compliance." *Alexander v. City of South Bend*, 256 F. Supp. 2d 865, 875 (N.D. Ind. 2003) (citing *Davidson v. Perron*, 716 N.E.2d 29, 24 (Ind. Ct. App. 1992)).

Ware argues that the police report of the incident names Brown as a GCSC officer and includes the information required in the ITCA notice, so that report satisfies ITCA. However, the police report does not provide notice that Ware intended to sue, which is a required part of notice under ITCA. *See Kerr v. City of South Bend*, 48 N.E.3d 348, 356 (Ind. Ct. App. 2015). The report does not satisfy the notice requirement of ITCA. Further, Ware identifies no evidence showing that GCSC received a copy of the police report, so this is an independent ground for finding that the police report does not constitute proper ITCA notice.

Ware also asserts that he provided the required notice via United States Postal Service. Ware states that he sent his ITCA notice to GCSC, and that delivery was attempted on Friday, August 2, 2013, the 180th day after the alleged incident, but no one signed for the delivery, so delivery was not made on that date. Delivery was achieved on Monday, August 5, 2013. Ware presents this information but makes no argument that the notice should be deemed delivered on August 2, 2013. Further, though Ware testified that he sent the tort claim form, there is no evidence in the record of what was in the notice provided. Defendants' contention is that it was not provided proper tort claim notice, and Ware's evidence does not prove that whatever notice he sent to GCSC was proper. Ware has not met his burden to prove compliance with the notice requirement of ITCA. As a result, the motion for summary judgment is granted as to the tort claims brought against GCSC and as to the tort claims brought against Brown for actions within the scope of his employment. Because claims

11

brought against a governmental employee outside the scope of his employment do not require notice under ITCA, the remaining state tort claims against Brown survive.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** the Motion for Summary Judgment [DE 93]. The Court grants the motion as to all claims brought against GCSC and as to the state law claims brought against Brown for actions within the scope of his employment and denies the motion as to the remaining claims brought against Brown.

SO ORDERED this 2nd day of August, 2017.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT