UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GLENN D. WARE, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>MICHAEL BROWN, )<br>    Defendant. ) | Cause No.: 2:15-CV-42-PRC |

## OPINION AND ORDER

This matter is before the Court on two oral motions made on September 27, 2017, on a Defendant's Trial Brief, Motion for Judgment as a Matter of Law Due to Inconsistent Verdicts and in the Alternative Motion for a New Trial [DE 148], filed by Defendant Michael Brown on October 25, 2017, and on a Plaintiff's Brief in Support of His Motion to Amend Verdict to Reflect Nominal Compensatory Damages [DE 149], filed by Plaintiff Glenn D. Ware on October 25, 2017.

## PROCEDURAL BACKGROUND

The parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

On September 25-27, 2017, a jury trial was held in this litigation on Plaintiff's claims of civil rights violations under 42 U.S.C. § 1983. Plaintiff claimed that Defendant used excessive force, conducted an unreasonable search, and retaliated against Plaintiff's exercise of free speech.

The Court instructed the jury as follows regarding compensatory and nominal damages:

> If you find in favor of Plaintiff Glenn Ware, then you must determine the amount of money that will fairly compensate him for any injury that you find he sustained as a direct result of Michael Brown's actions. These are called compensatory damages.
> . . .

> If you find in favor of Glenn Ware but find that he has failed to prove compensatory damages, you must return a verdict for him in the amount of one dollar ($1.00).

(Final Jury Instr. No. 23, ECF No. 141). The Court also instructed the jury on punitive damages.

The jury returned verdicts in favor of Defendant on the excessive force and unreasonable search claims. Using verdict forms provided by the Court, the jury returned a verdict in favor of Plaintiff on the free speech claim. The verdict reads:

> We, the Jury, find in favor of Plaintiff Glenn Ware on his federal civil rights claim against Defendant Michael Brown, finding that, under color of law, Michael Brown deprived Glenn Ware of his right under the United States Constitution to free speech.

(Jury Verdict Form, 1, ECF No. 144). The jury also returned the following compensatory damages and punitive damages verdicts on Court-provided forms:

> We, the Jury, having found in favor of Plaintiff Glenn Ware on one or more of his claims, award total compensatory damages in favor of Plaintiff Glenn Ware against Defendant Michael Brown in the amount of $0.00.

and

> We, the Jury, having found in favor of Plaintiff Glenn Ware on one or more of his claims, award total punitive damages in favor of Plaintiff Glenn Ware against Defendant Michael Brown in the amount of $7,500.00.

*Id.* at 4, 5. No separate nominal damages verdict form was provided to the jury. Neither party objected to the lack of nominal damages verdict form.

After the verdicts were read, Plaintiff moved to have the Court amend the jury verdict to show a one dollar compensatory damages award, and Defendant moved for a mistrial[1] due to

---

[1] Defendant, at times, phrases his request as one for mistrial. Because Defendant's request comes after the jury returned its verdicts, the Court construes the request as one for a new trial. *See Cascades Comput. Innovation, LLC v. Samsung Elecs. Co.*, No. 11 C 4574, 2016 WL 612792, at *1 (N.D. Ill. Feb. 16, 2016) (construing a motion for mistrial as a motion for new trial because the motion was made after the jury returned a verdict).

inconsistent verdicts. The Court directed the Clerk of Court to enter judgment in favor of Defendant on the unreasonable search and excessive force claims. The Court took the free speech and damages verdicts under advisement. The Court set a briefing deadline for the motions, and the parties filed the instant briefs.

## ANALYSIS

### A. Defendant's Post-Trial Motion

Defendant argues that the jury's free speech, compensatory damages, and punitive damages verdicts are inconsistent. Civil jury verdicts must be consistent, but courts must reconcile apparently inconsistent verdicts, if possible, rather than overturn the verdicts. *Deloughery v. City of Chicago*, 422 F.3d 611, 617 (7th Cir. 2005).

Defendant moves for judgment as a matter of law or, in the alternative, a new trial. Defendant did not make a motion for judgment as a matter of law before the case was submitted to the jury pursuant to Federal Rule of Civil Procedure 50(a), so he cannot now renew such a motion pursuant to Rule 50(b). Further, the appropriate remedy if a jury returns inconsistent verdicts is a new trial, not judgment as a matter of law. *Deloughery*, 422 F.3d at 617. Therefore, the request for judgment as a matter of law is denied.

That leaves Defendant's request for a new trial.[2] A new trial will not be ordered "unless no rational jury could have brought back" the verdicts returned. *Id.* (quoting *Will v. Comprehensive Accounting Corp.*, 776 F.2d 665, 677 (7th Cir. 1985)).

---

[2]Defendant also asks the Court to resolve the purported inconsistency by setting aside the verdict in favor of Plaintiff on the free speech claim. Defendant argues that this verdict is unsupported by the evidence, but Defendant's argument is a veiled attempt to have the Court reweigh the evidence. Each party presented the jury with evidence supporting his version of the events at issue. On the free speech claim, the jury determined that Plaintiff proved his case.

3

Defendant contends that the jury failed to follow Jury Instruction 23 because it did not award $1.00 in compensatory damages. Instruction 23 provides, in part, "if you find in favor of Glenn Ware but find that he has failed to prove compensatory damages, you must return a verdict for him in the amount of one dollar ($1.00)." Notably, the jury was not instructed on which verdict form the one dollar award should be made. The instruction did not name the one dollar as "nominal damages," nor did the instruction clarify that the award should be made on the compensatory damages form.

The jury was instructed that they must find that Ware did not prove compensatory damages in order to make the one dollar damages award, which weighs in favor of entering a $0.00 verdict on the compensatory damages form and including the $1.00 somewhere else. No nominal damages verdict form was provided to the jury. Therefore, by first finding that Ware did not have compensatory damages, a rational jury could choose to include the one dollar damages on the only other damages form provided—the punitive damages form. Thus, the Court finds that the verdicts are reconcilable. The jury awarded Ware one dollar as instructed, plus an additional $7,499.00, on the punitive damages verdict form. There is no inconsistency to be resolved here. Defendant's motion is denied.

### B. Plaintiff's Post-Trial Motion

Plaintiff, in his post-trial motion, asks the Court to amend the jury verdicts to reflect a nominal damages award and to enter judgment in favor of Ware on the free speech claim. The Court has already found, above, that the jury included a $1.00 nominal damages award in the total $7,500.00 awarded on the punitive damages verdict form. Thus, Plaintiff's motion is granted.

### CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Defendant's oral motion and the relief

requested in Defendant's Trial Brief, Motion for Judgment as a Matter of Law Due to Inconsistent Verdicts and in the Alternative Motion for a New Trial [DE 148] and **GRANTS** Plaintiff's oral motion and the relief requested in Plaintiff's Brief in Support of His Motion to Amend Verdict to Reflect Nominal Compensatory Damages [DE 149].

The Court **DIRECTS** the Clerk of Court to **ENTER JUDGMENT** in favor of Plaintiff Glenn D. Ware and against Defendant Michael Brown on Plaintiff's claim of violation of his right to free speech in the amount of $1.00 nominal damages and $7,499.00 punitive damages.

SO ORDERED this 3rd day of November, 2017.

 s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT