**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| GLENN D. WARE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:15-CV-42-PRC |
| | ) | |
| MICHAEL BROWN, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Defendant's Motion for New Trial [DE 152], filed by Defendant Michael Brown on December 1, 2017. For the reasons stated below, the Court denies the motion.

## PROCEDURAL BACKGROUND

The parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

On September 25-27, 2017, a jury trial was held in this litigation on Plaintiff Glenn D. Ware's claims of civil rights violations under 42 U.S.C. § 1983. Plaintiff claimed that Defendant used excessive force, conducted an unreasonable search, and retaliated against Plaintiff's exercise of free speech.

The Court instructed the jury as follows regarding compensatory and nominal damages:

> If you find in favor of Plaintiff Glenn Ware, then you must determine the amount of money that will fairly compensate him for any injury that you find he sustained as a direct result of Michael Brown's actions. These are called compensatory damages.
> . . .
> You should consider the following types of compensatory damages and no others:
>     1.    The reasonable value of medical care and supplies . . . .

> 2. The physical and emotional pain and suffering . . . .
> If you find in favor of Glenn Ware but find that he has failed to prove compensatory damages, you must return a verdict for him in the amount of one dollar ($1.00).

(Final Jury Instr. No. 23, ECF No. 141). The Court also instructed the jury on punitive damages.

The jury returned verdicts in favor of Defendant on the excessive force and unreasonable search claims. The jury returned a verdict in favor of Plaintiff on the free speech claim and awarded $7,500 in damages, which the Court determined in an Opinion and Order dated November 3, 2017, reflects a $1 nominal damages award and a $7,499 punitive damages award.

Defendant filed the instant motion on December 1, 2017. Plaintiff did not file a response before his deadline to do so expired.

## ANALYSIS

Federal Rule of Civil Procedure 59 allows the Court to grant a new jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). A motion for a new trial must be filed no later than 28 days after the entry of judgment. *Id.* at 59(b).

Defendant asserts that "Neither the Plaintiff, Defendant or the Court offered the jury instructions regarding nominal damages." (Mot. 1, ECF No. 152). Defendant repeats variations of this statement throughout his motion. The statement is incorrect. The final paragraph of Instruction 23, in accord with Plaintiff's proposed jury instructions, instructs the jury to return a one dollar verdict if the jury finds in Plaintiff's favor but finds no compensatory damages. (*See* Pl.'s Jury Instr. No. 10, ECF No. 119). Though the instruction does not name such a one dollar verdict as a nominal damages award, it is an instruction on nominal damages contained within the instruction on compensatory damages. The placement of the nominal damages instruction here is not novel. The

pattern instruction of the Seventh Circuit likewise places the nominal damages instruction as the final paragraph within the compensatory damages instruction. *See* Comm. on Pattern Civil Jury Instructions of the Seventh Circuit, *Federal Civil Jury Instructions of the Seventh Circuit* § 7.26 (rev. 2017).

Defendant correctly cites that, in this circuit, a party must ask for a nominal damages instruction or the issue is waived. *See Sims v. Mulcahy*, 902 F.2d 524, 535-36 (7th Cir. 1990). However, Defendant incorrectly conflates the absence of a nominal damages *verdict form* with the absence of a nominal damages *instruction*. The two are not the same, and Plaintiff requested a nominal damages instruction.

Defendant's arguments based on the inaccurate premise that Plaintiff did not ask for a nominal damages instruction and that the Court did not offer a nominal damages instruction fail.

The absence of the nominal damages verdict form was addressed in the Court's November 3, 2017 Opinion and Order. As stated in that Opinion and Order, the verdicts as returned are not inconsistent with the Court's instructions, and a rational jury could have brought back the verdicts. The wording of the instruction did not clarify or mandate that the $1 award should be made on the compensatory damages form. The Court determined that, because the final paragraph of Instruction 23 is predicated on a finding that Plaintiff proved no compensatory damages, a rational jury could award $0 on the compensatory damages verdict form and include the $1 award on the only other damages verdict form provided: the punitive damages verdict form. A court should not overturn apparently inconsistent verdicts unless it is impossible to reconcile the verdicts. *Deloughery v. City of Chicago*, 422 F.3d 611, 617 (7th Cir. 2005). Here, the verdicts are reconcilable.

Defendant identifies no legal authority for the proposition that a nominal damages award cannot be made unless there is a nominal damages verdict form. The Court's research has not revealed any precedential authority on the matter. Plaintiff's lack of objection to the jury verdict forms does not preclude an award of nominal damages.

Defendant argues that Instruction 23 directs the jury to consider "compensatory damages and no others," but the full phrase instructs the jury to consider "the following types of compensatory damages and no others." Defendant's omission of "the following types of" mischaracterizes the instruction. The "no others" in Instruction 23 means "no types of compensatory damages other than those listed in the instruction" and not "no types of damages other than compensatory damages." The Court did not instruct the jury to consider compensatory damages and no other types of damages. Further, as noted above, Instruction 23 instructs the jury on nominal damages. This argument, which is based on an out-of-context reading of a segment of a sentence, provides no grounds for a new trial.

Defendant contends that the Court changed the punitive damages instruction "to be about nominal damages." The Court did not read a nominal damages instruction into the punitive damages instruction. Rather, the Court acknowledged that the final paragraph of the compensatory damages instruction is a nominal damages instruction. This argument is premised on a misunderstanding of the Court's actions in the November 3, 2017 Opinion and Order and fails.

Though Defendant maintains that 'the instruction was clear that a finding for Ware must include compensatory damages," (Mot. 6). the instruction specifically provides for the circumstance where the jury finds for Ware but finds that he does not have compensatory damages. In such an instance, the Court instructed the jury to return a $1 award. Thus, this argument fails as well.

4

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the Defendant's Motion for New Trial [DE 152].

So ORDERED this 20th day of December, 2017.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT