**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| GLENN D. WARE, | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:15-CV-42-PRC |
| | ) | |
| MICHAEL BROWN, | ) | |
|       Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Attorneys Fees and Costs Pursuant to the Attorneys Fees Awards Act of 1976 & Request for Additional Time to Submit Supporting Documentation [DE 154], filed by Plaintiff Glenn D. Ware on January 19, 2018. Defendant Michael Brown filed a response on January 25, 2018. Plaintiff did not file a reply before his deadline to do so expired.

In the Motion, Ware asks the Court to extend his deadline to submit a bill of costs, motion for fees, and supporting documentation to March 5, 2018. Thus, despite its title, the Motion is a motion for extension of time, not a motion for fees and costs.

This matter was decided by jury trial held September 25-27, 2017. On September 28, 2017, judgment was entered against Ware and in favor of Brown on two of the three claims submitted to the jury. The third claim was taken under advisement and briefing was submitted. On November 3, 2017, judgment was entered in favor of Ware and against Brown on the third claim. At that time, the case was terminated. On December 1, 2017, Brown filed a Motion for New Trial. The Court denied that motion on December 20, 2017.

Federal Rule of Civil Procedure 54(d)(2) governs the timing for filing a request for attorney's fees, including § 1988 fees, following judgment:

(A) Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

(B) Timing and Contents of the Motion. *Unless a statute or a court order provides otherwise*, the motion must:

> (i) *be filed no later than 14 days after the entry of judgment*;

> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;

> (iii) state the amount sought or provide a fair estimate of it; and

> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2) (emphasis added). The Seventh Circuit Court of Appeals has held: "When attorney's fees are taxed as costs, which is the usual way in which a prevailing party obtains such fees, the deadline for seeking them is 14 days, unless this time is extended by an order (including, we have held, a standing order, or rule) of the district court." *S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 60 F.3d 305, 308 (7th Cir. 1995) (citing 42 U.S.C. § 1988; Fed. R. Civ. P. 54(d)(2)(B); *Johnson v. Lafayette Fire Fighters Ass'n*, 51 F.3d 726 (7th Cir. 1995)).

This Court did not issue an order extending the 14-day deadline, and the Local Rules for the Northern District of Indiana do not extend the 14-day deadline. The only Local Rule related to Federal Rule 54 is Local Rule 54-1 regarding "costs," which provides:

**(a)** **Process.** To recover costs, a party must file and serve a completed AO Form 133 (available from the clerk or the court's website) within 14 days after final judgment is entered.

**(b)** **Extensions.** The court may extend the 14-day deadline for good cause if, before the original deadline, the party files a motion requesting an extension.

N.D. Ind. L.R. 54-1. No such motion was filed.[1]

In this case, the 14-day deadline for Ware to file his motion expired on November 17, 2017, fourteen days after judgment was entered in his favor. Ware's instant request for an extension of the deadline was made after the original deadline expired. Thus, Ware's motion would be granted if the failure to act was the result of excusable neglect under Federal Rule of Civil Procedure 6(b). *See Crue v. Aiken*, 370 F.3d 668, 680-81 (7th Cir. 2004) (holding that the time to file an attorney's fees request under Federal Rule 54 is subject to Federal Rule 6(b)).

The excusable neglect determination is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (interpreting a parallel provision of the Federal Rules of Bankruptcy Procedure). "[A] lawyer's errors are imputed to the client for the purpose of [excusable neglect]." *Moje v. Fed. Hockey League, LLC*, 792 F.3d 756, 758 (7th Cir. 2015). "In determining whether a late filing is the result of excusable neglect, the district court looks to whether there will be prejudice to the opposing party, the effect on the judicial proceedings, the reason for the delay, and whether the movant acted in good faith." *Crue*, 370 F.3d at 681 (citing *Pioneer Inv. Servs. Co.*, 507 U.S. 380). The Court will address these factors.

---

[1] The history of Northern District of Indiana Local Rule 54-1 further demonstrates that Federal Rule 54(d)(2)(B)'s 14-day deadline applies to a motion for § 1988 attorney's fees in this District. The 1995 amendment to the rule reduced the time to file a request for attorney's fees from 90 days (set in 1987) to 14 days "to conform with Fed. R. Civ. P. 54(d)(2)(B)." *See* http://www.innd.uscourts.gov/sites/innd/files/Compilation%20of%20Local%20Rules.pdf. The Committee Comments to the rule's 2000 amendment reiterate that the rule addresses both taxation of costs and the assessment of attorney's fees. *Id*. With the restyling of the Local Rules effective January 1, 2012, the rule's title dropped the reference to "attorneys fees," and the rule took the form set forth above as Local Rule 54-1. The explanatory statement concerning the restyling of the Local Rules provides both that "the substance of the rules should not change" and that "each rule should be only as long as is necessary to clearly convey the substance of the rule." *Id*.

As an initial matter, the instant motion suggests that Ware believed that his motion for attorney's fees should come after the judgment is final and unappealable. This is an incorrect reading of the law. After Brown, in response, indicated that the motion should have been filed fourteen days after the entry of judgment, Ware did not file a reply providing any additional statements from which the Court can infer excusable neglect.

Brown will be prejudiced if the extension of time is allowed. He will need to determine how he wishes, if at all, to defend against the motion for fees and costs. However, Federal Rule of Civil Procedure 54(d)(1) provides that, in most cases, costs should be allowed to the prevailing party. Regarding attorney fees, they are awarded to prevailing plaintiffs in civil rights cases under 42 U.S.C. § 1988 "almost as a matter of course." *Bisciglia v. Kenosha Unified Sch. Dist. No. 1*, 45 F.3d 223, 227 (7th Cir. 1995); *accord Khan v. Galitano*, 180 F.3d 829, 837 (7th Cir. 1999); *Simpson v. Sheahan*, 104 F.3d 998, 1001 (7th Cir. 1997). Thus, it should not be wholly surprising to Brown that Ware is making these requests, albeit belatedly.

The effect on the judicial proceedings is minimal. The case is closed, and no appeal is pending. Allowing Ware to make the request for fees and costs will not delay any progress in this litigation because the litigation is over.

There is no good reason stated for the delay. Ware does not acknowledge that he missed his deadline. Ware does not address any reason why he was unable to file his motion on or before November 17, 2017. Instead, he refers to the period for filing appeals and how that period was tolled by Brown's Motion for New Trial, which was filed after the November 17, 2017 deadline. The Court infers that Ware and his counsel incorrectly believed the deadline to request fees and costs to be at some point after the judgment became final and unappealable.

Ware has a history of delay in this case. On March 17, 2017, more than a month after the January 31, 2017 discovery deadline, Ware filed a Motion to Compel. Ware filed his proposed jury instructions and proposed final pretrial order after the Court-ordered deadline expired. Both parties missed the deadline to file a proposed joint pretrial order; the proposed joint order was ultimately electronically filed by Ware's counsel. Ware and his counsel showed up 20 minutes after the scheduled start time on the first day of trial after being instructed in person by the Court to be not only present but also ready to begin at the scheduled time. Considering this pattern of tardiness and lack of attention to the scheduling matters throughout the course of litigation, the Court finds that Ware did not make a good faith effort to comply with the deadline.

The Court finds that excusable neglect has not been shown for an extension of the expired deadline to file a motion for costs and fees.

Based on the foregoing, the Court hereby **DENIES** the relief requested in Plaintiff's Motion for Attorneys Fees and Costs Pursuant to the Attorneys Fees Awards Act of 1976 & Request for Additional Time to Submit Supporting Documentation [DE 154].

SO ORDERED this 7th day of February, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT